```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ALONZO KEARSE,

                    Plaintiff,
                                              MEMORANDUM AND ORDER
          - against -
                                              12 Civ. 233 (NRB)
ATC HEALTHCARE SERVICES, MIRLENE MYRTHIL,
and JOSEPH TRAVELLA

                    Defendants.
------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Pro se plaintiff Alonzo Kearse ("plaintiff") commenced this action against his former employer, ATC Healthcare Services ("ATC" or the "Company"), and its employees, Mirlene Myrthil and Joseph Travella (together with ATC, "defendants"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. ("Title VII"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. (the "NYCHRL").  In the motion before the Court, defendants seek dismissal of plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").[1]  For the reasons set forth below, defendants' motion is granted in part and denied in part.

---

[1] Although defendants also move to dismiss plaintiff's NYCHRL claim under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)"), we do not believe that defendants have presented any jurisdictional issues. Accordingly, we treat defendants' Rule 12(b)(1) motion as a mislabeled motion to dismiss the NYCHRL claim pursuant to Rule 12(b)(6).

**BACKGROUND**[2]

Plaintiff is a former employee of ATC, a company located in Lake Success, Nassau County. Compl. 2. Plaintiff alleges that his former manager, Mirlene Myrthil, subjected him to "harassment and gender discrimination" during the course of his employment. Id. 3. Plaintiff claims that he filed several grievances against Myrthil, id., and attaches to his complaint three emails that he sent to Joseph Travella and other ATC employees notifying them of Myrthil's allegedly improper conduct, see id. 6-11.

Plaintiff alleges that ATC's human resources department provided "no assistance" in response to his grievances, id. 3, and that Myrthil's harassment grew successively "worse after each complaint," id. Accordingly, plaintiff filed a charge with the Equal Employment Opportunity Commission (the "EEOC") on February 14, 2011. Id. Plaintiff claims that, approximately ten days after he notified ATC of this complaint, the Company retaliated against him. Id. Specifically, plaintiff maintains that ATC provided a "performance warning" and terminated his employment. Id.

---

[2] This background is derived from the complaint, filed January 11, 2012. For ease of reference, we cite the complaint and the documents annexed thereto as "Compl. __," referring to the page number provided in the ECF header. To the extent the allegations in the complaint are well-pleaded, we accept them as true for the purposes of this motion. See Mary Jo C. v. N.Y. State & Local Ret. Sys., 707 F.3d 144, 149 (2d Cir. 2013).

2

On October 12, 2011, the EEOC sent plaintiff a right to sue letter.  Id. 5.  On January 11, 2012, plaintiff filed the instant action.  In his complaint, plaintiff alleges that defendants violated Title VII and the NYCHRL by subjecting him to harassment, unequal terms and conditions of employment, and retaliatory termination.  Id. 2-3.  Defendants now seek dismissal of these claims.

## DISCUSSION

### I.  Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Where a plaintiff has not "nudged [his] claims across the line from conceivable to plausible," dismissal is appropriate.  Id. at 570; see also Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (applying the plausibility requirement to a pro se complaint).

In applying these standards, we accept as true all factual allegations in the pleadings and draw all reasonable inferences in the non-moving party's favor.  Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012).  Because the plaintiff is proceeding pro se, we conduct our examination with "special solicitude" and interpret the complaint "to raise the

3

strongest claims that it suggests." Hill, 657 F.3d at 122 (internal quotation marks and alterations omitted).

## II. Application

In support of the instant motion, defendants maintain that (1) plaintiff's Title VII claim is time-barred and (2) plaintiff has failed to state a claim under the NYCHRL. We address these arguments in turn.

### A. Plaintiff's Title VII claim is timely

A plaintiff must commence a Title VII action within 90 days of his receipt of a right to sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1); see also Joseph v. Athanasopoulos, 648 F.3d 58, 63 n.5 (2d Cir. 2011) (noting that the applicable limitations period "provides ninety days from the plaintiff's receipt of a right-to-sue letter from the EEOC for the plaintiff to bring a civil action").

Here, defendants maintain that plaintiff's Title VII claim is untimely because plaintiff received his right to sue letter on October 12, 2011, see Compl. 4, but did not file this action until 91 days later, on January 11, 2012. However, the right to sue letter clearly indicates that the EEOC mailed the letter on October 12, 2011, see id. 5, thereby precluding the possibility that plaintiff received the correspondence that same date.[3]

---

[3] Indeed, in a letter to this Court dated November 5, 2012, plaintiff clarified that he did not receive the right to sue letter until after the EEOC sent it to him on October 12, 2011. See Dkt. No. 15.

4

Because plaintiff received the right to sue letter after October 12, 2011, his filing of this action was timely.

**B.   Plaintiff's NYCHRL claim fails as a matter of law**

To state a claim under the NYCHRL, a plaintiff must allege that the defendant engaged in discriminatory conduct "within the boundaries of New York City."  Robles v. Cox & Co., Inc., 841 F. Supp. 2d 615, 623 (E.D.N.Y. 2012) (internal quotation marks omitted); see also Fried v. LVI Servs., Inc., No. 10 Civ. 9308 (JSR), 2011 WL 4633985, at *12 (S.D.N.Y. Oct. 4, 2011) ("The NYCHRL expressly limits the applicability of its protections to acts that occur within the boundaries of New York City.").  In analyzing where the discrimination occurred, "courts look to the location of the impact of the offensive conduct."  Robles, 841 F. Supp. 2d at 623 (internal quotation marks omitted).

Here, plaintiff has not alleged that Myrthil discriminated against him within the boundaries of New York City.  To the contrary, plaintiff maintains that the discriminatory conduct took place exclusively on Long Island, where Myrthil and plaintiff worked.  See Compl. 2-3.  Even if plaintiff was a resident of New York City when the alleged discrimination occurred, this fact would be "irrelevant to the impact analysis, which 'confines the protections of the NYCHRL to those who are meant to be protected -- those who work in the city.'"  Robles, 841 F. Supp. 2d at 624 (quoting Hoffman v. Parade Publ'ns, 933

5

N.E.2d 744, 747 (N.Y. 2010)). Therefore, plaintiff has failed to state a claim under the NYCHRL.

## CONCLUSION

For the foregoing reasons, the motion (docket no. 12) is granted in part and denied in part. Defendants are directed to answer the complaint within 21 days of the filing of this Order. Thereafter, the parties shall provide to the Court proposed dates for a conference.

Dated:   New York, New York
         April 5, 2013

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**Plaintiff**

Alonzo Kearse
486 Brooklyn Avenue, #E17
Brooklyn, NY 11225

**Attorney for Defendants**

Aneta Sudol, Esq.
L'Abbate, Balkan, Colavita & Contini, LLP
1001 Franklin Avenue
Garden City, New York 11530

6